UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
    Tomika L. Taylor,　　　　　　　　　　　Case No. 16-53182
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
    Debtor.　　　　　　　　　　　　　　　　Hon. Maria L. Oxholm
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Creditor Wamar Properties LLC's ("Creditor") Motion for Reconsideration/Rehearing of this Court's Order Denying Creditor's Motion for Relief (ECF No. 112). Creditor did not cite to Local Bankruptcy Rule 9024-1 and has not demonstrated a palpable defect. Furthermore, Creditor has not shown that it is entitled to relief under Federal Rules of Civil Procedure 60(b)(1), as incorporated by Bankruptcy Rule 9024, as it failed to establish the existence of "excusable neglect." For the reasons stated below, the Motion for Reconsideration/Rehearing is denied.

The relevant procedural background of this case is as follows. The bankruptcy petition was filed on September 23, 2016. Creditor filed its Proof of Claim on May 16, 2017 in the amount of $10,210.85. The Order Confirming Plan was entered on June 28, 2017. (ECF No. 83). The Order Confirming Plan provided for Creditor's claim of $10,210.85 to be paid in Class 6.1 (continuing lease/contract payments) subject to an annual interest rate of 10% at $650 per month in accordance with the duly filed and allowed proof of claim. The order further provided that Debtor Tamika Taylor waived any rights to pursue a cause of action against Creditor for any violations of the automatic stay.

Almost a year later, on June 18, 2018, Creditor filed a Motion for Relief from Order (ECF No. 106). In its motion for relief, Creditor argued that "[d]ue to clerical error Creditor did

1

not forward its complete ledger balance to its attorney for a proper claim filing[,]" resulting in a claim that was approximately $45,000 less than it should have been. (ECF No. 106). Creditor cited to Rule 60(b)(1)[1]; however, its only apparent basis for relief was limited to mistake. The legal argument in support of relief is limited to paragraph ten of Creditor's motion, which provides, "Creditor has filed an amended claim to correct the mistaken balance contemporaneously with the filing of this motion." (ECF No. 106, para 10). Debtor objected to Creditor's motion, disputing the newly claimed amount and further maintaining that "[C]reditor thoroughly and zealously advocated for the payment of their originally filed proof of claim" and contending that "this claim valuation served as the centerpiece of the negotiations between Debtor and Creditor in getting Debtor to waive her right to pursue the multiple violations of the automatic stay by Creditor." (ECF No. 107, para 3 & 5).

At the hearing on July 30, 2018, attorney for Creditor only argued mistake as its basis for relief. The Court found that Creditor failed to satisfy the three factor test for mistake and, in denying Creditor's motion, determined it did not need to establish the correct amount of Creditor's proof of claim.

In the current motion, "Creditor requests that this Court reconsider it's [*sic*] ruling in light of some additional facts and statements of law that was [*sic*] not in the original motion or spoke [*sic*] on the record." (ECF No. 113). Creditor claims that,

---

[1] Rule 60(b)(1) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

Fed. R. Civ. P. 60(b)(1).

3. Much of the discussion on the record at the last hearing was whether the Order should be set aside under Federal Rules of Civil Procedure 60(b)(1) based [*sic*] mistake, however, there was not much discussion regarding excusable neglect.

4. The determination of what sort of neglect is excusable is, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." See *Pioneer Investment Services Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), see also *In re Wilkinson*, 457 B.R. 530, 541 (Bankr. W.D.Tex. 2011).

(ECF No. 113).

It is unclear under what authority Creditor seeks reconsideration. Creditor did not cite to Local Bankruptcy Rule 9024-1(a)(3), which sets forth the criteria to apply in a motion for reconsideration.[2] Furthermore, Creditor does not argue in its motion that the Court's ruling on the basis of "mistake" was erroneous.

In essence, Creditor is relying on the Rule 60(b)(1) standard for review of an order denying its motion for relief under Rule 60(b)(1). However, Creditor does not cite to any alleged errors that formed the basis for the order denying its motion for relief. Rather, Creditor argues a new basis for relief under Rule 60(b)(1) and provides an affidavit dated August 17, 2018 in support of this motion—neither of which were part of its original motion for relief.[3] Excusable neglect was not discussed by the Court because it was not raised by Creditor. It is not the Court's duty to make alternative arguments for the parties.

Creditor seeks the Court to consider new grounds and evidence for its original motion for relief. This is simply impermissible. It is well settled that "[m]otions for reconsideration . . .

---

[2] This rule provides that a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. L.B.R. 9024-1(a)(3). The rule further provides that the moving party must demonstrate that a palpable defect has occurred by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction of the defect. *Id*. "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.,* 417 B.R. 449, 454 (E.D. Mich. 2009).

[3] Prayer for relief cites to Rule 60(b)(1).

3

should not be used by the parties to 'raise arguments which could, and should, have been made before judgment issued.'" *In re Grady*, 417 B.R. 4, 6 (Bankr. W.D. Mich. Sept. 29, 2009) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "Nor are motions for reconsideration appropriate merely to let the losing party supplement the evidentiary record that was before the court." *Id.* (citations omitted). *See also Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012) (internal citation omitted) ("[A] motion for reconsideration may not be used to raise issues that could have been raised in the previous motion...."). Finally, "refusal to consider evidence produced for the first time on a motion to reconsider will be reversed only if the refusal constitutes an abuse of discretion." *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003); and *In re Packard Square LLC,* 579 B.R. 434, 436 (Bankr. E.D. Mich. 2017).

Even if the Court was to consider Creditor's legal argument of excusable neglect, Creditor's argument is insufficient to warrant the relief requested. The Sixth Circuit in *Yeschick v. Mineta*, 675 F.3d 622 (6th Cir. 2012) summarized the applicable legal framework as follows:

> Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.' " *Flynn v. People's Choice Home Loans, Inc.,* 440 Fed.Appx. 452, 457–58 (6th Cir.2011) (quoting *Gumble v. Waterford Twp.,* 171 Fed.Appx. 502, 506 (6th Cir.2006)). Clients are held accountable for their attorneys' acts and omissions. *McCurry v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 594–95 (6th Cir.2002). "Thus, in assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.' " *Id.* at 595 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). The Supreme Court has explained that for Rule 60(b) purposes, "excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer,* 507 U.S. at 394, 113 S.Ct. 1489. In

4

> *Pioneer Investment Services,* the Supreme Court set forth **five factors for determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."** *Id.* at 395, 113 S.Ct. 1489.

*Yeschick*, at 628–29 (emphasis added). This evaluation is a fact-specific inquiry. *Wilkison,* at 541.

In the case at bar, Creditor failed to first analyze whether the alleged error amounted to "neglect." Second, Creditor failed to address the five factor test for determining whether neglect is excusable. Merely citing to *Pioneer* and *In re Wilkinson* without more is insufficient. Likewise, simply rehashing the factual circumstances giving rise to the alleged erroneous amount for the proof of claim without application to the relevant law is inadequate.

For the foregoing reasons, the motion for reconsideration does not meet the standard of L.B.R. 9024-1(a)(3) or Rule 60(b)(1) as incorporated by Bankruptcy Rule 9024. Accordingly,

IT IS HEREBY ORDERED that Creditor's Motion for Reconsideration of the Court's Order Denying Creditor's Motion for Relief from Order is DENIED.

**Signed on October 05, 2018**



/s/ Maria L. Oxholm

**Maria L. Oxholm
United States Bankruptcy Judge**